UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WENDY S.,

              Plaintiff,                **DECISION AND ORDER**

              v.                     1:17-CV-01179 EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION

Plaintiff Wendy S. ("Plaintiff") moves for attorneys' fees in the amount of $38,792.75, pursuant to 42 U.S.C. § 406(b). (Dkt. 20). The Commissioner of Social Security ("the Commissioner") does not object to Plaintiff's request. (Dkt. 21). For the reasons discussed below, the Court grants Plaintiff's motion in part and denies it in part.

## BACKGROUND

On November 17, 2017, Plaintiff filed this action, seeking review of the final decision of the Commissioner denying her application for Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on July 8, 2018. (Dkt. 8). On August 31, 2018, the parties stipulated and the Court ordered that the matter be remanded for further administrative proceedings. (Dkt. 11).

By Stipulation and Order filed on October 18, 2018, the parties agreed that Plaintiff's counsel was entitled to $6,600 for services performed in connection with this

action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. 15), which was approved by the Court on October 19, 2018 (Dkt. 16).

After a supplemental hearing, the ALJ issued a fully favorable decision on November 12, 2019. (*See* Dkt. 20-3). Thereafter, the Commissioner issued a Notice of Award dated September 28, 2020, in connection with Plaintiff's claims, indicating that $28,792.25 was withheld to pay Plaintiff's representative, amounting to 25% of Plaintiff's past due benefits. (Dkt. 20-4 at 3). By letter dated August 25, 2020, the Commissioner notified Plaintiff that it should have withheld an additional $10,000.50, representing 25% of the child's benefits received, but due to an error the entire child's benefits award was released directly to Plaintiff. (Dkt 20-6).

On October 14, 2020, Plaintiff moved for an extension of time to file a motion for attorneys' fees (Dkt. 18), which was granted by the Court on October 15, 2020 (Dkt. 19). On December 14, 2020, Plaintiff timely moved for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Dkt. 20). Plaintiff's counsel seeks $38,792.75, which represents the statutory cap of 25% of the past-due benefits. (*See* Dkt. 20-1 at 2; Dkt. 20-4 at 3). Counsel acknowledges that if he receives the requested fee, he must refund to Plaintiff the $6,600 EAJA fee, but asks the Court to consider using those fees to offset any amount owed by Plaintiff to counsel in light of the error by the Commissioner in releasing fees for child auxiliary benefits directly to Plaintiff without any withholding. (Dkt. 20-1 at 2). The Commissioner filed a response, indicating that he has no objection to Plaintiff's counsel's fee request. (*See* Dkt. 21).

**DISCUSSION**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25% of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25% of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the

25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney is responsible for delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, the requested fee of $38,792.75 represents the 25% statutory cap. (*See* Dkt. 20-4-at 3; Dkt. 20-6 at 1). As such, the requested fee falls within the statutory 25% cap. There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Additionally, counsel was not responsible for any delay and provided effective representation. The hours expended by counsel on the case were reasonable in light of the issues presented. Despite having her applications for benefits initially denied, due to counsel's efforts, Plaintiff secured a recovery of past-due benefits. (*See* Dkt. 20-3).

But the Court nevertheless further finds that the requested fee is in an amount that raises concern that it would be a windfall to counsel. The requested fee would result in a *de facto* hourly rate of $1,306.15 ($38,792.75 divided by 29.7 hours). "In assessing whether a requested fee would constitute a windfall, courts consider whether counsel achieved particularly good results for the claimant; whether counsel expended effort beyond boilerplate submissions, such as in briefing material issues of fact or particular legal issues; and whether counsel handled the case efficiently due to his or her experience

in handling social security cases." *Ladonia H. v. Comm'r of Soc. Sec.*, No. 17-CV-1148S, 2021 WL 671595, at *2 (W.D.N.Y. Feb. 22, 2021).

Here, while the Court acknowledges that counsel did achieve particularly good results for Plaintiff and presumably that success was attributable to the strength of the motion for judgment on the pleadings filed by Plaintiff's counsel, the fact is that once the opening brief was filed the matter was no longer litigated at the federal court level and the Commissioner consented to a remand, thus eliminating the need for Plaintiff's counsel to expend further time and effort in federal court. Moreover, the $1,306.15 effective hourly rate requested is nearly four times counsel's normal hourly rate of $350 an hour. (Dkt. 20-2 at ¶ 16). In a recent case from this district where a *de facto* hourly rate of $1,000 was requested, the Court noted that such fee was "very high by Western New York standards." *Campana v. Saul*, No. 16-CV-960, 2020 WL 3957960, at *2 n.1 (W.D.N.Y. July 13, 2020); *see also McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) ("Although the Commissioner is correct that some courts have reduced attorney's fee awards where the effective hourly rate is comparable to the one sought here, 'a substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00.'" (quoting *Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014)). An effective hourly rate of $1,000 was approved in a case from this district where, as here, the Commissioner stipulated to remand following Plaintiff's filing of a motion for judgment on the pleadings, creating an inference that counsel's representation warranted the unusually high hourly rate. Specifically, the Court

in *Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434 (W.D.N.Y. July 10, 2018), stated:

> [A]fter counsel filed a motion for judgment on the pleadings, the Commissioner stipulated to remand. Although the reasons for the Commissioner's decision are not in the record, it is reasonable to assume that counsel's thorough motion played a significant role in identifying reasons why remand was appropriate, thereby quickening resolution of this case. Counsel's skill and ability therefore appears to have ensured that this case progressed quickly. This weighs heavily in the Court's decision to award counsel his requested fee.

2018 WL 3368434, at *2-3; *but see Plum v. Comm'r of Soc. Sec.*, No. 6:18-CV-6127 (CJS), 2020 WL 1846785, at *4 (W.D.N.Y. Apr. 13, 2020) (reducing requested effective hourly rate of more than $950 down to $750 in case where Commissioner stipulated to remand following Plaintiff's filing of motion for judgment on the pleadings).

Having considered the required factors, the reasoning in the foregoing cases, and the argument set forth by counsel, the Court concludes that a reduction of counsel's effectively hourly rate to $1,000 per hour is still high, but more in line with awards generally approved in this district for similar work performed. As expressed in *Buckley*, the Court is "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" 2018 WL 3368434, at *2 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). On the other hand, the Court concludes that awarding a fee in excess of an effective $1,000 hourly rate for the work performed on this case would constitute an unreasonable windfall in view of the relevant factors.

The Court also notes that counsel is required to return the previously awarded EAJA fee of $6,600. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both

[EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . .").

Accordingly, in light of the above, the Court finds that with a reduction in counsel's requested effective hourly rate from $1306.15 to $1,000, counsel is entitled to a more reasonable fee of $29,700. Counsel must return the EAJA fees in the amount of $6,600 to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's § 406(b) motion (Dkt. 20) for attorneys' fees is granted in part, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $29,700, out of funds withheld from Plaintiff's past-due benefits[1]; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $6,600 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED: June 6, 2021
Rochester, New York

---

[1] In the motion, as noted above, Plaintiff's counsel requests that the Court relieve Plaintiff's burden for fees that exceed the amount previously withheld by the Commissioner by allowing the EAJA fees already paid to counsel to offset the amount owed. (Dkt. 20-1 at 2). Because the Court's reduction in the amount of fees allowed brings the total owed by Plaintiff to less than $1,000 outside of what was withheld by the Commissioner, the Court declines counsel's request.